UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MICHAEL FRANCES VALDES,** | § | |
| **Reg. No. 27122-051,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | **EP-20-CV-244-FM** |
| | § | |
| **WARDEN THOMAS BERGAMI,** | § | |
| **Respondent.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Michael Frances Valdes, a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] seeks credit toward the federal sentence imposed in *United States v. Valdes*, SA-04-CR-549-RF-1 (W.D. Tex.), through a "Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241."   Pet'r's Pet., ECF No. 1.   Valdes claims the Bureau of Prisons (BOP) has recently re-calculated his sentence and wrongfully denied him credit for the time he spent in federal custody before his sentencing.    After reviewing the record and for the reasons discussed below, the Court will deny Valdes's petition.

## BACKGROUND AND PROCEDURAL HISTORY

Valdes manufactured methamphetamine in Chaves County, New Mexico.   *United States v. Valdez*, 2:04-CR-2199-RB-1 (D. N.M.), Indictment, ECF No. 14.   He was arrested on September 6, 2004, and subsequently indicted in the United States District Court for the District of New Mexico for conspiring to manufacture more than fifty grams of methamphetamine (Count I) and for carrying a firearm in relation to a drug-trafficking offense (Count II).   *Id.*   He

---

[1] Anthony is located in El Paso County, Texas, which is within the Western District of Texas, El Paso Division.   28 U.S.C. § 124(d)(3).

agreed to plead guilty to the indictment pursuant to a plea agreement.   *Id.*, Plea Agreement, ECF No. 29.   He was sentenced on August 30, 2005, "to a term of 135 months is imposed as to Count I.   As to Count II, a term of 60 months is imposed; said terms to run consecutively for a total term of 195 months."   *Id.*, J. Crim. Case, ECF No. 42.

Valdes also manufactured methamphetamine in Medina County, Texas.   *United States v. Valdez*, SA-04-CR-549-OLG-1 (W.D. Tex.), Indictment, ECF No. 1.   He was indicted on October 20, 2004, in the United States District Court for the Western District of Texas for conspiring to manufacture methamphetamine (Count I), manufacturing methamphetamine (Count II), possessing a quantity of pseudoephedrine with the intent to manufacture methamphetamine (Count III), making a building available for the purpose of manufacturing methamphetamine (Count IV), possessing an unregistered firearm (Count V), and possessing a firearm after a felony conviction (Count VI).   *Id.*   He was brought to Texas on a writ of habeas corpus ad prosequendum to face prosecution on the new charges.   *Id.*, Order, ECF No. 8.   He pleaded guilty to Counts I and V.   *Id.*   J. Criminal Case, ECF No. 110.   He was sentenced on September 29, 2006, to an aggregate term of 240 months' imprisonment:

> two hundred forty (240) months on Count One (1) and one hundred twenty (120) months on Count Five (5) to be served concurrently with credit for time served while in custody for this federal offense.   This sentence shall run concurrently with the sentence imposed in United States District Court of New Mexico, Albuquerque Division, in Docket No. 2:04CR02199-001RB.   The defendant shall be given credit since his arrest of September 6, 2004.

*Id.* at 2.

Valdes now complains the BOP recently re-calculated his sentence and refused to follow the Texas District Court's instructions.   Pet'r's Pet. 11–13, ECF No. 1.   Specifically, he claims it denied him credit toward his sentence in SA-04-CR-549-OLG-1 from the date of his arrest—

September 6, 2004—until the date of his sentencing—September 29, 2006.  *Id.* at 13.   He

argues "[t]he BOP lacks the legal authority to change/alter the sentencing judgment entered by

Judge Royal Furgeon [sic] on September 29, 2006."  *Id.*   He asks the Court "to order the BOP

to re-instate [his] release date to 09-19-2021" and "order the BOP to then release [him] to

halfway house on 09-22-2020 as previously directed."  *Id.*

## APPLICABLE LAW

A petitioner may attack the manner in which his sentence is being executed in the district

court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  *Reyes-Requena v.*

*United States*, 243 F.3d 893, 900–01 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th

Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).   However, "[h]abeas corpus

relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow

range of injuries that . . . , if condoned, result in a complete miscarriage of justice.'"  *Kinder v.*

*Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368

(5th Cir. 1992)).   To prevail, a habeas corpus petitioner must show that he is "in custody in

violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c).

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus

matters 'as law and justice require.' "  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).   They

may summarily dismiss habeas-corpus petitions prior to any answer or other pleading by the

government "[i]f it plainly appears from the petition and any attached exhibits that the petitioner

is not entitled to relief in the district court."  28 U.S.C. foll. § 2254, Rule 4.

## ANALYSIS

Valdes maintains the BOP erred when it re-calculated his sentence in SA-04-CR-549-

OLG-1, refused to follow the Texas District Court's instructions, and failed to give him credit for the time he served from the day of his arrest until the day of his sentencing.   Pet'r's Pet. 11–13, ECF No. 1.

There is no genuine dispute as to any material fact.   There is a dispute as to the application of the law to the facts.   That is, there is an argument as to whether the BOP properly re-calculated Valdes's sentence in accordance with federal law.

A federal sentence, according to 18 U.S.C. § 3585(a), does not commence until the BOP receives a defendant into its custody to serve a sentence imposed by a court:

> **(a) Commencement of sentence.** -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).   The BOP may grant credit, under 18 U.S.C. § 3585(b), against a federal sentence for time spent in pre-sentencing custody if the time is not credited against another sentence:

> **(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

*Id.* § 3585(b) (emphasis added).

In *United States v. Wilson*, 503 U.S. 329, 333 (1992), the Supreme Court observed that the language of § 3585 suggested that "computation of the credit must occur after the defendant

begins his [federal] sentence.   A district court, therefore, cannot apply § 3585(b) at sentencing."
*Id*. at 333.   Instead, "the Attorney General, through the BOP, has the responsibility for
administering the sentence" after the defendant has been sentenced.   *Id*. at 335.   Furthermore,
when Congress enacted § 3585(b), it "made clear that a defendant could not receive a double
credit for his detention time."   *Id*. at 337.   Even "short intervals while 'on loan' to federal
authorities pursuant to writs of habeas corpus ad prosequendum" are not credited towards
subsequent federal sentences.   *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985).

As the Court noted above, Valdes was sentenced by the New Mexico District Court on
August 30, 2005, to an aggregate term of 195 months' imprisonment.   *United States v. Valdez*,
2:04-CR-2199-RB-1 (D. N.M.), J. Crim. Case, ECF No. 42.   While still serving this sentence, he
was brought to Texas on a writ of habeas corpus ad prosequendum.   *United States v. Valdez*,
SA-04-CR-549-OLG-1 (W.D. Tex.), Order, ECF No. 8.   He was sentenced by the Texas District
Court on September 29, 2006, to an aggregate term of 240 months' imprisonment, to run
concurrently with the sentence imposed by the New Mexico District Court.   *Id*., J. Criminal
Case 2, ECF No. 110.   Consequently, his sentence in SA-04-CR-549-OLG-1 commenced on
September 29, 2006.   *Id*.   The judgment added "[t]he defendant shall be given credit since his
arrest of September 6, 2004."   *Id*.   But the time from his arrest until his sentencing in SA-04-
CR-549-OLG-1 was already credited against his sentence in 2:04-CR-2199-RB-1.   *See* Pet'r's
Pet., Ex. E, ECF No. 1 (""[T]he two (2) terms are running concurrently HOWEVER the 2nd one
was imposed almost a year later.   A sentence cannot commence until it is imposed, meaning the
240M sentence could not begin until 09-27-06.").

Confusion sometimes arises when a district court purports to award credit for time served

-5-

prior to the date a federal sentence commences.   It is well established that a district court may not directly award credit against a federal sentence for a defendant's time spent in official detention before his sentencing.   18 U.S.C. § 3585(b); *Wilson*, 503 U.S. at 333–37.   Indeed, the Attorney General, through the BOP, determines what, if any, credit will be awarded to a prisoner for time spent in custody prior to his federal sentencing.   *Wilson*, 503 U.S. at 333–37.   And "[b]ecause the district court lacks the authority to award or deny credit, the BOP is not bound" by a court's decision to award such credit.   *In re United States Bureau of Prisons, Dep't of Justice*, 918 F.3d 431, 439 (5th Cir. 2019).

A sentencing court does, however, "retain residual authority" to consider a defendant's time in custody before sentencing.   *United States v. Hankton*, 875 F.3d 786, 792 (5th Cir. 2017).   If a court determines that the BOP will deny a defendant credit for prior time served, it may depart below the advisory Sentencing Guidelines under Sentencing Guideline § 5G1.3(b) or § 5K2.23.   *Id.*   "But the district court must calculate the defendant's final sentence itself; it cannot simply order the BOP to award credit."   *In re United States Bureau of Prisons*, 918 F.3d at 439.

In this case, the Texas District Court calculated Valdez's final sentence and sent him to prison for an aggregate term of 240 months.   *United States v. Valdez*, SA-04-CR-549-OLG-1 (W.D. Tex.), J. Criminal Case 2, ECF No. 110.   His sentence commenced on September 29, 2006, the date of his sentencing.   *Id.*   The BOP properly credited the time between Valdez's arrest—September 6, 2004—and the date of his sentencing by the Texas District Court—September 29, 2006—against the sentence imposed by the New Mexico District Court.   18 U.S.C. § 3585(b).

## CONCLUSIONS AND ORDERS

The Court accordingly concludes that the Texas District Court erred when it said defendant "shall be given credit since his arrest of September 6, 2004." *United States v. Valdez*, SA-04-CR-549-OLG-1 (W.D. Tex.), J. Criminal Case 2, ECF No. 110.   The Court further concludes that the BOP properly re-calculated Valdes's sentence in accordance with 18 U.S.C. § 3585.   The Court also concludes that Valdes cannot meet his burden of showing that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c).   Consequently, the Court finally concludes it plainly appears from the petition and attached exhibits that Valdes is not entitled to relief under 28 U.S.C. § 2241.   28 U.S.C. foll. § 2254, Rule 4.   Therefore, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Michael Frances Valdes's "Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this **23rd** day of **September 2020**.

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**